UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELVIN SHELTON,

                Petitioner,

v.                                                  Case No. 25-cv-1477-bhl

KELLY KINCAID and
STATE OF WISCONSIN,

                Respondents.

## RULE 4 SCREENING ORDER

        On September 25, 2025, Melvin Shelton filed a *pro se* petition pursuant to 28 U.S.C. §2254 and paid the required $5.00 filing fee. (ECF No. 1.) Because Shelton failed to use the Court's required form for his petition, the Court provided him with the form and ordered him to file an amended petition using it if he wished to proceed with his case. (ECF No. 3.) After receiving one extension, on October 28, 2025, Shelton complied and filed an amended petition on the required form. (ECF No. 9.) His case is therefore ready for screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

        Under Rule 4:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court and have not been procedurally defaulted. The Court may dismiss a petition summarily where "it plainly appears from the petition . . . that the petitioner is not entitled to relief." *See id.*

        Shelton's petition is barred because he does not allege that he is in "custody" as required to obtain habeas relief under Section 2254. Federal courts have jurisdiction over a habeas petition

only if the petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. §2254(a). The custody requirement is jurisdictional, and the petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Shelton is challenging Milwaukee County Circuit Court Case No. 2018CF002727, in which, on August 1, 2018, he was sentenced to three days in custody, with credit for time served, for a sex registry violation. *See* ECF No. 9 at 2; *See also* Milwaukee County Circuit Court Case No. 2018CF002727, *available at* https://wcca.wicourts.gov (last visited Nov. 3, 2025). In his petition, Shelton acknowledges that he is "not confined" and has no prisoner number. (ECF No. 9 at 1.)

"As a general matter, if a petitioner 'is no longer serving the sentences imposed pursuant to' the conviction challenged in the petition, he 'cannot bring a federal habeas petition directed solely at' that conviction." *Stanbridge v. Scott*, 791 F.3d 715, 718 (7th Cir. 2015) (quoting *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001) (further stating that "a habeas petitioner is not 'in custody' pursuant to a particular conviction unless his physical liberty of movement is limited in a non-negligible way, and that limitation is a *direct* consequence of the challenged conviction."). Although Shelton's grounds for relief are not clearly presented, to the extent Shelton is challenging his obligation to register as a sex offender, his challenge is rejected. In *Virsnieks v. Smith*, 521 F.3d 707, 721 (7th Cir. 2008), the Seventh Circuit rejected a petitioner's attempt to use habeas to challenge the requirement that he register as a sex offender under Wis. Stat. §301.45 *et seq*. The Court explained that the petitioner could not satisfy the "in custody" requirement because the statute "impose[d] minimal restrictions on a registrant's physical liberty of movement." *Id.* at 720. The Court further reasoned that even "the future threat of incarceration for registrants who fail to comply with the statute [was] insufficient to satisfy the custody requirement." *Id.* (citations omitted.) Because Shelton is not in custody pursuant to his sex registry violation, which the Court notes occurred over seven years ago, his petition is dismissed for lack of jurisdiction.

Shelton also asks the Court to expunge all records and files for 2018CF2727 and 1987CF007869. (ECF No. 9 at 9). Expungement of a defendant's criminal record is not a power this Court holds. *See United States v. Wahi*, 850 F.3d 296, 302–03 (7th Cir. 2017) ("[A]ncillary jurisdiction does *not* include a general equitable power to expunge judicial records in a criminal case.") (emphasis in original).

Accordingly,

**IT IS HEREBY ORDERED** that pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, Petitioner's petition for writ of habeas corpus is **DENIED** and this case is **DISMISSED with prejudice**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED** because the Court does not find that any reasonable jurist could debate the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Milwaukee, Wisconsin on November 3, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge